# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE MARIE RIEDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 11-32E |
| | ) |
| PIMA COMMUNITY COLLEGE | ) |
| DISTRICT OFFICE | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Pending before this Court is "Defendant's Motion to Dismiss" (ECF No. 10). On February 8, 2011, *pro se* Plaintiff Julie Marie Rieder filed a Complaint against Defendant Pima Community College District Office (ECF No. 3). In its totality, Plaintiff's Complaint alleges:

> **Jurisdiction: 1**. The reason this case is being filed in this federal court is because the plaintiff enrolled in Pima Community College with an out of state status for the first year of enrollment. The plaintiff is a native of Erie, Pennsylvania. The Plaintiff's due process rights were denied in Tucson, Arizona.
> The **allegations/claims: 2** that I am making against the defendant are as follows: Pima Community College is guilty of reverse discrimination because they suspended me on 02/24/2008. I reported disruptions by colleagues in two of my classes at Pima Community College. Pima Community College revoked my rights to continue pursuing my degree by meeting with me for approximately a four month time frame. Pima Community College ordered a mental health examination. Pima Community College denied my due process rights during the first step of the grade appeal process. David Audelo questioned why I was in attendance at a Native American event held on the campus of Pima Community College West. Pima Community College withheld my earned Honors from my transcript for the semester in question. The relief that I am seeking from the court is restitution for damages to my reputation and my academic career. I am seeking $235, 427 in monetary claims. I want the Judge to make the defendant write a formal apology and I expect the suspension removed from my record.

In the caption of her Complaint, Plaintiff states Defendant's address to be: 4905 E. Broadway Blvd. Tucson, Arizona 85709.

On July 1, 2011, Defendant filed a Motion to Dismiss. In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint should be dismissed with prejudice for four principal reasons: (1) pursuant to Pa.C.S.A. § 5534, Plaintiff's Fourteenth Amendment due process claim is time barred; (2) this Court does not have personal jurisdiction over Defendant; (3) Plaintiff has failed to state a claim upon which relief may be granted; and (4) Plaintiff failed to provide sufficient service of process. Def.'s Mot. to Dismiss ¶¶ 7-24. On August 15, 2011, Plaintiff filed a Response to the Motion to Dismiss (ECF No. 13).

We are cognizant of the fact that Plaintiff is proceeding *pro se*. As such, *pro se* Plaintiff's Complaint will be held to "less stringent standards." Haines v. Kerner, 404 U.S. 519, 520 (1972). In fact, the Third Circuit has instructed courts to read a *pro se* complaint for substance and to "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Holley v. Dept. of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999) (citations omitted). Nevertheless, for the reasons set forth below, we will grant Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction over Defendant.

**I. Legal Analysis of Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction.**

Defendant argues that this Court lacks personal jurisdiction over Defendant. Def.'s Br. in Support of Mot. to Dismiss 3. Defendant notes that Plaintiff's Complaint indicates that Defendant is a resident of Arizona and that Plaintiff alleges that "her 'due process rights were denied in Tucson, Arizona.'" Id. at 3 (citing Complaint). Furthermore, Defendant claims that Plaintiff's Complaint fails to show that Defendant had any contact with the state of Pennsylvania. Id.

A defendant may raise a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction in its responsive pleading or in its first motion. Fed. R. Civ. P. 12(b)(2). Otherwise, the defense is deemed waived. Fed. R. Civ. P. 12(h). Once a defendant raises a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the burden shifts to the plaintiff to prove that the court has jurisdiction over the defendant. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992); *See also* Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (noting that "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction").

In order for the plaintiff to overcome its burden, she must establish either (1) "specific jurisdiction," by showing that the controversy arose from the defendant's activities within the forum state, or (2) "general jurisdiction," by showing that the defendant had "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984).

To establish specific jurisdiction over a defendant, the Supreme Court has required the plaintiff to show not only that the current action arose from defendant's forum related activities, but also that "the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). In Burger King Corp. v. Rudzewicz, the Supreme Court explained when a defendant "reasonably anticipates" out-of-state litigation:

> 'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'

3

471 U.S. 462, 474-75 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

On the other hand, when the plaintiff asserts general jurisdiction, the plaintiff must show more than just minimum contacts; instead, these contacts must be continuous and systematic so as to "justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those [continuous and systematic contacts]." International Shoe Co. V. Washington, 326 U.S. 310, 318 (1945). Once these "continuous and systematic" contacts have been established, a court is able to obtain jurisdiction over a non-resident defendant for actions that are not related to that forum. Spuglio v. Cabaret Lounge, 344 Fed.Appx. 724, 725 (3d Cir. 2009).

Significantly, where as here,"the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) (citations omitted). In assessing a plaintiff's allegations of personal jurisdiction, we will accept all allegations as true and will draw all inferences in the light most favorable to the plaintiff. D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (citations omitted).

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of the state." Provident Nat'l Bank, 819 F.2d at 436 (citing Fed. R. Civ. P. 4(e)). Therefore, our personal jurisdiction analysis is two-fold. First, we must determine whether the Pennsylvania long-arm statute allows for personal jurisdiction over Defendant, and if it does, then we must conclude whether exercising personal jurisdiction over defendant comports with the Due Process clause so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. at 316 (citations omitted). The Pennsylvania long-arm statute allows jurisdiction over

4

nonresident defendants to extend to the limits of the Fourteenth Amendment so long as it is validated by the minimum contacts test. 42 Pa.Cons.Stat.Ann. §5322(b). Therefore, in order for this Court to have personal jurisdiction over defendant, the requisite contacts must be established.

As Defendant correctly points out, Plaintiff's Complaint explicitly alleges that the violation of her due process rights occurred in Tucson, Arizona. *See* Complaint 1. Consequently, because Plaintiff's claims arise out of Defendant's alleged action in Arizona, not Pennsylvania, we find that we do not have specific jurisdiction over Defendant.

We further find that we do not have general jurisdiction over Defendant. As stated above, in order for a court to obtain general jurisdiction over a defendant, the defendant must have "continuous and systematic" contacts with the state. *See* Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 445 (1952); Helicopteros Nacionales de Columbia, S.A., 466 U.S. at 415-16. Neither the Complaint nor Plaintiff's Response to the Motion to Dismiss allege the requisite contacts between Defendant and Pennsylvania such that Defendant can be subjected to general jurisdiction in Pennsylvania by this Court.

Specifically, in the present case, Plaintiff has not alleged any contacts between Defendant and the forum state, Pennsylvania, other than that in her Response to the Motion to Dismiss, Plaintiff alleges that she was required to pay out of state tuition (which viewed a light most favorable to Plaintiff we have interpreted to mean, additionally, that she received her tuition bill from Defendant in Pennsylvania and sent her payment to Defendant from Pennsylvania). Pl.'s Response to Def.'s Mot. to Dismiss 3. These allegations, even accepted as true and seen in a light most favorable to Plaintiff, do not show that Defendant had "continuous and systematic" contact with Pennsylvania as to establish general jurisdiction by this Court over it. *See* Gehling

v. St. George's School of Medicine, Ltd., 773 F.2d 539, 541-43 (3d Cir. 1985) (holding that the defendant's alleged contacts, (1) advertising in newspapers circulated throughout Pennsylvania; (2) having six percent of its enrolled students coming from Pennsylvania; (3) receiving tuition from Pennsylvania residents annually; (4) touring nine cities, including Philadelphia; and (5) establishing a joint international program with a Pennsylvania college, were not enough to establish the necessary contacts with Pennsylvania in order to support the exercise of general, and thus personal, jurisdiction over the out-of-state defendant).

Plaintiff has not met her burden of establishing a prima facie showing of personal jurisdiction over Defendant. Therefore, Defendant's Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction must be granted.

## II. Defendant's remaining arguments in support of its Motion to Dismiss.

As stated above, Defendant also argues that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and because her Fourteenth Amendment due process claim was filed outside of the applicable statute of limitations period. Def.'s Br. in Support of Mot. to Dismiss 2, 4-6. Because we find that we do not have personal jurisdiction over Defendant, we have not evaluated Defendant's remaining arguments.

## III. Conclusion.

For the aforementioned reasons, we conclude that Defendant is not subject to personal jurisdiction by this Court. Accordingly, we will grant Defendant's Motion to Dismiss with prejudice. An appropriate order follows:

6

## ORDER

AND NOW, this __18th__ day of August, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss Plaintiff's Complaint against it (ECF No. 10) is GRANTED WITH PREJUDICE due to this Court's lack of personal jurisdiction over Defendant Pima Community College District Office.

The Clerk of Court shall mark this case CLOSED.

cc: Julie Marie Reider
P. O. Box 155
Waterford, PA 16441

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior District Court Judge